IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| M. LATROY WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 08-2506-STA-cgc |
| | ) |
| SHELBY COUNTY ELECTION | ) |
| COMMISSION and SHELBY COUNTY | ) |
| DEMOCRATIC PARTY, | ) |
| | ) |
| Defendants. | ) |

---

**ORDER GRANTING MOTION TO DISMISS**

---

Before the Court is Defendant Shelby County Election Commission's Motion to Dismiss (D.E. # 10) filed on February 5, 2009, and Defendant Shelby County Democratic Party's Motion to Dismiss (D.E. # 13) filed on February 9, 2009. Plaintiff has filed an identical response brief to both Motions. For the reasons set forth below, the Motions are **GRANTED**.

**BACKGROUND**

Plaintiff's Complaint contains the following allegations. The Shelby County Election Commission ("the Commission") accepted names of candidates for the position of Shelby County Trustee ("Trustee") in January and February of 2008. Compl. 1. During the registration period, potential candidates for Trustee signed up and were advised that they could not register a party affiliation. *Id*. The potential candidates received no notice from the Shelby County Democratic Party ("the Party") about the selection process for the Party's nominee for Trustee.

1

*Id*. On March 28, 2008, an article appeared in the Memphis Commercial Appeal titled "Matilla to run for Trustee." *Id*. The article reported that "The Democrats had planned a convention, but cancelled it after Matilla turned out to be the only qualified candidate." *Id*., ex. A.[1] The Party recognized Paul Matilla ("Matilla") as the Democratic candidate for Trustee without a convention or a run-off. *Id*. The Commission then listed Matilla as the Party's candidate for Trustee. *Id*., ex. A. The Party was to hold a meeting at 12:00 P.M. on March 29, 2008. *Id*., Ford Aff.[2] Rob Ford heard about the meeting through a neighbor and arrived at meeting at approximately 12:15. *Id*., Ford Aff. When Ford arrived, the Party's executive committee was announcing its selection of Matilla as the Democratic nominee for Trustee. *Id*., Ford Aff.

According to Plaintiff, the Party selected a candidate as the party nominee without a convention or run-off. *Id*. The Commission condoned and promoted the arbitrary selection process used by the Party. *Id*. Plaintiff alleges that the actions of the Party and the Commission constitute arbitrary and disparate treatment of the electorate denying them their fundamental right to participate in the electoral process. *Id*. at 2. The Party and the Commission have violated the equal protection clause of the Fourteenth Amendment of the United States Constitution, the Tennessee Constitution, and the Voting Rights Act, 42 U.S.C. § 1971 (a)(2). *Id*. Plaintiff alleges that the Party deprived him of proper notice and due process in violation of the Fourteenth Amendment's Due Process Clause and the Tennessee Constitution. *Id*.

The party argues in its Motion to Dismiss that Plaintiff has failed to state a claim.

---

[1] The Complaint cites exhibit A to the Complaint; however, no such exhibit was attached to the Complaint.

[2] The Complaint cites an affidavit of Rob Ford; however, no such affidavit was attached to the Complaint.

Plaintiff has failed to demonstrate that he affected proper service of process on the Party pursuant to Fed. R. Civ. P. 4(m) or the Court's Order to Show Cause entered on December 29, 2008.  Furthermore, Plaintiff's Complaint should be dismissed for failure to state a claim under Rule 12(b)(6) and for lack of subject matter jurisdiction under Rule 12(b)(1).  The Party argues that it acted properly pursuant to Tenn. Code Ann. § 2-13-203 to submit the name of its nominee for a special election.  The Party argues that Plaintiff had notice of the meeting of the executive committee on March 29, 2008, because Plaintiff admitted that he attended.[3]  The Party has attached additional exhibits and briefed the applicable standard under Rule 56 for motions for summary judgment.  The Party has provided the affidavit of Cherry Davis, the Vice-Chairperson of the Party ("Davis") detailing Plaintiff's failure to follow the procedures for the nomination process.  The Party also argues that Plaintiff has slept on his rights by not appealing the matter to the Tennessee Democratic Party.  Finally, the Party contends that the issues raised in the Complaint are political matters, which are not justiciable.

The Commission has raised several similar arguments in its own Motion to Dismiss.  The Commission also contends that Plaintiff failed to affect service as required by Rule 4(m) and by the Court's Show Cause Order.  The Commission argues that Plaintiff's Complaint is essentially an election contest and must comply with Tenn. Code Ann. § 2-17-101 *et seq*.  As a result, the chancery courts of Tennessee have exclusive jurisdiction.  The Commission further argues that it is not a proper party because Plaintiff's allegations concern the actions of the Party and not the Commission.  Finally, the Commission argues that Plaintiff lacks standing to bring a claim under

---

[3] The Court notes that the Complaint indicates that Rob Ford attended and came late to the meeting.  As previously noted, however, the Ford affidavit was not attached to the Complaint.

the Voting Rights Act.

Plaintiff has filed the same brief in response to both Motions to Dismiss. First, Plaintiff contends that his attorney's notice of appearance filed on January 2, 2009, served as a request for extension to accomplish service of process. Next, Plaintiff concedes that political parties have the autonomy to set their own rules and procedures for the selection of candidates; however, parties and election commissions may not infringe on the constitutional rights of individual citizens. More specifically, Plaintiff argues that he was entitled to fair notice of the March 2008 meeting at which the executive committee of the Party selected Matilla as its candidate for Trustee. Publication in a newspaper less than one week prior to the meeting is insufficient according to Plaintiff. Plaintiff alleges that in a subsequent article, the Commission published to the media that Plaintiff was no longer a candidate for Trustee further abridging his rights.

## **STANDARD OF REVIEW**

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pleaded allegations of the complaint as true and construe all of the allegations in the light most favorable to the non-moving party.[4] However, legal conclusions or unwarranted factual inferences need not be accepted as true.[5] "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential

---

[4] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992).

[5] *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

4

allegations with respect to all material elements of the claim."[6]  "The Federal Rules of Civil Procedure do not require a claimant to set out in detail all the facts upon which he bases his claim."[7]

The Supreme Court has more recently stated that the Federal Rules "do not require a heightened fact pleading of specifics, but only enough facts to state a claim that is plausible on its face."[8]  The Sixth Circuit has subsequently acknowledged "[s]ignificant uncertainty" as to the intended scope of *Twombly*.[9]  Consequently, the Sixth Circuit has articulated the following as the standard of review for 12(b)(6) motions: on a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."[10]  Thus, although the factual allegations in a complaint need not be detailed, they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief."[11]

---

[6] *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 889, 902 (6th Cir. 2003).

[7] *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

[8] *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) ("retiring" the "no set of facts" standard first announced in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

[9] *Weisbarth v. Geauga Park Dist.,* 499 F.3d 538, 541 (6th Cir.2007); *see also Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.,* 508 F.3d 327, 337 (6th Cir.2007) ("We have noted some uncertainty concerning the scope of *Bell Atlantic Corp. v. Twombly,* ... in which the Supreme Court 'retired' the 'no set of facts' formulation of the Rule 12(b)(6) standard ....").

[10] *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.,* 501 F.3d 493, 502 (6th Cir. 2007) (quoting *Twombly,* 127 S.Ct. at 1974 (2007)).

[11] *League of United Latin Am. Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir.2007) (emphasis in original) (citing *Twombly,* 127 S.Ct. at 1964-65).

## ANALYSIS

Plaintiff has alleged violations of his constitutional rights as well as the Voting Rights Act. As an initial matter, Plaintiff filed his Complaint on August 7, 2008. By December 29, 2008, Plaintiff had failed to have summons issued let alone served on Defendants. As a result, the Court ordered Plaintiff to show cause within eleven (11) days from the entry of the Order why his Complaint should not be dismissed.[12] Rather than comply with the Show Cause Order, counsel for Plaintiff filed a notice on January 2, 2009 (D.E. # 4), stating that Plaintiff had had summons issued and would be serving the summons right away. Service was effected on January 7, 2009. Plaintiff has never established good cause for his failure to serve Defendants, both of which are available for service here in Memphis, for a period of five months between August 7, 2008, and January 7, 2009. Pursuant to Fed. R. Civ. P. 4(m), "If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specific time."[13] In light of Plaintiff's failure to file a response to the Show Cause Order or explain the reasons for the five month delay in serving Defendants, the Court would be justified in dismissing Plaintiff's case.

However, even construing the Complaint in the light most favorable to Plaintiff, the Court holds that Plaintiff has failed to state any claim against either Defendant. First, Plaintiff has alleged that Defendants violated 42 U.S.C. § 1971(a)(2). However, Plaintiff lacks standing

---

[12] The Order was actually dated December 23, 2008, but was not issued until December 29.

[13] Fed. R. Civ. P. 4(m).

to bring a cause of action under that provision.[14] Pursuant to 42 U.S.C. § 1971(c), only the Attorney General of the United States may bring suit to enforce the rights set forth in § 1971(a)(2).[15] Therefore, Plaintiff has failed to state a claim pursuant to § 1971(a)(2).

Plaintiff has asserted other violations of his constitutional rights including his due process rights under the Fourteenth Amendment. Without referring to the statute, Plaintiff's claims are brought under 42. U.S.C. § 1983. Section 1983 creates a cause of action when there is a deprivation "of any rights, privileges, or immunities secured by the Constitution," as a result "of any statute, ordinance, regulation, custom, or usage, of any State."[16] In order to prevail on a claim under 42 U.S.C. § 1983, a plaintiff must show that (1) the defendant acted under the color of state law, and (2) the offending conduct deprived the plaintiff of rights secured by federal law.[17]

In this case, Plaintiff has failed to state a section 1983 claim against the Party because the Party was not acting under the color of state law. There is no allegation in the Complaint that the Party was performing a governmental function or could be considered a state actor when it met to select its candidate for Trustee. On the contrary, political activities such as selecting candidates are clearly the type of "non-justiciable political questions within the definition

---

[14] *McKay v. Thompson*, 226 F.3d 752, 756 (6th Cir. 2000). *See also Ford v. Tennessee Senate*, 2008 WL 4724371, *2 (W.D. Tenn. 2008).

[15] 42 U.S.C. § 1971(c).

[16] 42 U.S.C. § 1983.

[17] *League of Women Voters of Ohio v. Brunner*, 548 F.3d 463, 475 (6th Cir. 2008).

enunciated in the majority opinion in *Baker v. Carr*."[18]  This result is likewise consistent with Tennessee law on elections and the machinations of political parties:

> It is apparent from a reading of the Seventeenth chapter of the election code that the legislative intent was that intra-party squabbles over the nominating procedures are to be considered a political matter which are to be resolved by the party itself without judicial intervention. The party machinery is much better equipped than the courts to resolve such a dispute with the speed and finality that is required to preserve the integrity of the democratic election process.[19]

Therefore, the Court concludes that Plaintiff has failed to state a claim against the Party.

As for the Commission, the Court holds that Plaintiff has also failed to state a § 1983 claim.  While it cannot be said that the Commission does not act under color of state law, Plaintiff has failed to identify any act of the Commission which deprived him of a constitutional right.  The only acts attributed to the Commission in the Complaint are that the Commission accepted names of candidates for Trustee in January and February 2008 and told potential candidates during the registration that they could not declare a party affiliation.  The Complaint then alleges that the Commission listed Matilla as the Party's candidate for Trustee.  As a result, Plaintiff contends that the Commission "condoned and promoted the arbitrary selection process used by the Party."  Plaintiff has failed to cite any authority for the proposition that any of these acts infringed upon a constitutional right.  The Court fails to see how the few acts of the Commission alleged here deprived Plaintiff of any constitutional right.  Furthermore, all of the Acts were ministerial acts in coordination with the activities of the local political parties.  The

---

[18] *Irish v. Democratic-Farmer-Labor Party of Minn.*, 399 F.2d 119, 121 (8th Cir. 1968) (citation omitted).

[19] *Taylor v. Tenn. State Democratic Exec. Comm.*, 574 S.W.2d 716, 717-18 (Tenn. 1978).

Court has already held that no cause of action lies against the Party for those acts.  To the extent that Plaintiff's faults the Commission for "condoning" the Party's acts, the claims against the Commission are derivative of the claims against the Party, which have been dismissed.  Thus, the Court concludes that Plaintiff has failed to state any claim against the Commission.

Having held that Plaintiff has failed to state his claims pursuant to §1971 or § 1983, those claims are hereby dismissed.  Therefore, Defendants' Motions are **GRANTED**.

**IT IS SO ORDERED.**

> **s/ S. Thomas Anderson**
> S. THOMAS ANDERSON
> UNITED STATES DISTRICT JUDGE
>
> Date: September 4th, 2009.